IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM LEE, Governor of the State of ) <br> Tennessee, in his official capacity, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | NO. 3:23-cv-00978 <br><br> JUDGE RICHARDSON |

## ORDER

Plaintiff brings this action alleging that Defendants William Lee and David Rausch have violated, and continue to violate, his Constitutional right against ex post facto punishment through retroactive imposition on him the sex offender restrictions and monitoring requirements of Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORA"), Tenn. Code Ann. § 40-39-201, et seq. Plaintiff seeks declaratory and injunctive relief against Defendants.

Before the Court is Plaintiff's currently unopposed motion for preliminary injunction" (Doc. No. 7, "Motion for Preliminary Injunction") and the Parties' "Joint Motion to Administratively Stay Case Pending Ruling In Sixth Circuit Appeal [in the case of *Does #1-9 v. Lee*]" (Doc. No. 14, "Motion to Stay"). Also before the Court are Plaintiff's "Motion for Leave to File Document Under Seal" (Doc. No. 9, "Motion for Leave") and "Motion to Proceed Under Pseudonym and for Protective Order" (Doc. No. 11, "Motion to Use Pseudonym"). The Court additionally notes that the Magistrate Judge recently granted Defendants' "Unopposed Motion for Extension of time to File Response/Reply to Complaint" (Doc. No. 15, "Motion for Extension of

Time").

Federal district courts in Tennessee have found that SORA violates the ex post facto clause and have frequently granted preliminary and permanent injunctive relief to sexual offenders. *See, e.g., Reid v. Lee*, 476 F. Supp. 3d 684 (M.D. Tenn. 2020); *Doe v. Rausch*, 382 F. Supp. 3d 783 (E.D. Tenn. 2019); *Doe v. Gwyn*, No. 3:17-CV-504, 2018 WL 1957788 (E.D. Tenn. Apr. 25, 2018). However, Defendants maintain that SORA does not violate the Ex Post Facto Clause, and they have appealed the grant of a permanent injunction in another sexual offender case that involves the same or substantially similar legal issues involved in this case. *See Does #1-9 v. Lee*, 3:21-cv-00590 (M.D. Tenn.), Doc. No. 138, *appeal filed* No. 23-5248 (6th Cir., Mar. 28, 2023).

In light of the foregoing, Defendants do not oppose Plaintiff's Motion for Preliminary Injunction and, the parties jointly seek a stay of this case (with the exception of a ruling on Plaintiff's Motion for Preliminary Injunction) pending the Sixth Circuit's decision in *Does #1-9*.

The Motion for Preliminary Injunction (Doc. No. 7) is GRANTED as unopposed and well-taken. Because the motion is unopposed, the Court makes no findings (and notes that Defendants have waived no arguments) at this time as to Plaintiff's likelihood of success on the merits of his claims. The Motion to Stay (Doc. No. 14) likewise is GRANTED.

Accordingly, the Court hereby ORDERS as follows:

1. Defendants and their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them are prohibited from:

    a. Enforcing Tennessee's Sexual and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 ("SORA") (Tenn. Code Ann. § 40-39-201, et seq.) against Plaintiff;

     b. Requiring Plaintiff to comply with any portion of SORA;

     c. Publishing Plaintiff's information on the sex offender registry.

2. Defendants shall provide notice of the preliminary injunction to Defendants' officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries, and affiliates, and those persons in active concert or participation with them.

3. Defendants shall take whatever means are necessary or appropriate to ensure proper compliance with the preliminary injunction.

4. This case is STAYED pending further order of the Court. The Clerk is directed to administratively close the case. Within fourteen (14) days of the Sixth Circuit's decision in *Does #1-9 v. Lee*, Case No. No. 23-5248, the parties shall notify the Court of the decision[1] and request that the Court lift the stay and reopen the case. Defendants shall respond to Plaintiff's Motion for Leave (Doc. No. 9), Motion to Use Pseudonym (Doc. No. 11), and the Complaint (Doc. No. 1) within fourteen (14) days of the reopening of the case. Upon reopening of the case, Defendants may file a new motion to extend that fourteen-day deadline for good cause shown, in which case the Magistrate Judge shall rule on such motion.

IT IS SO ORDERED.

                                          *Eli Richardson*
                                          ELI RICHARDSON
                                          UNITED STATES DISTRICT JUDGE

---

[1] The parties shall file such notification even though the Court, notably, fully expects to receive independent notification of such decision.